MATTER OF QUIJADA-COTO

In Deportation Proceedings

A-20008233

*Decided by Board August 30, 1971*

Adjustment of status to that of permanent resident pursuant to the provisions of the Act of November 2, 1966, is not available to the spouse of an alien described in section 1 of the Act, where the alien himself has been denied adjustment of status under the Act.

CHARGE:

Order: Act of 1952—Section 241 (a) (9) [8 U.S.C. 1251 (a) (9)]—Failed to comply with nonimmigrant status.

ON BEHALF OF RESPONDENT: Gary H. Manulkin, Esquire
5228 East Whittier Boulevard
Los Angeles, California 90022

This is an appeal from an order of the special inquiry officer, dated February 11, 1971, denying the respondent's motion to reopen the deportation proceedings to afford the respondent the opportunity to apply for adjustment of status to that of a permanent resident pursuant to the Act of November 2, 1966 (Public Law 89–732). The appeal will be dismissed.

The record indicates that the respondent, a native of El Salvador, claims the benefit of the provisions of the Act of November , 1966 by virtue of her status as the spouse of an alien described n section 1 of the Act.

The record indicates that the respondent's spouse is a native nd citizen of Cuba, who was originally paroled into the United tates on October 6, 1962. However, the record contains a special iquiry officer's order rendered in connection with the spouse, Rael Portela Suarez, A–12854487, Los Angeles, dated March 26, )69, denying his application for adjustment of status under Pub- : Law 89–732 because of a narcotics conviction under 21 U.S.C. 6 (a).

Section 1 of the Act of November 2, 1966 (Public Law 89–732) provides that the provisions of the Act shall be applicable to the spouse and child of any alien described in the Act, regardless of their citizenship and place of birth, who are residing with such alien in the United States.

After careful consideration, we conclude that Congress did not intend to apply the benefits of the Act of November 2, 1966 to the spouse of an alien described in the Act, when the alien himself has been denied adjustment of status under the Act.

We agree with the decision of the special inquiry officer that adjustment of status under the Act of November 2, 1966 is not available to the respondent.

Hence, we agree with the special inquiry officer that reopening the proceedings can serve no purpose. Accordingly, we will dismiss the appeal from the order denying the respondent's motion to reopen. The following order will be entered.

**ORDER:** The appeal is dismissed.